# IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **LILLIE K. BRENT** | § | |
| | | |
| **VS.** | § | **CIVIL ACTION NO. 5:06cv228** |
| | | |
| **COMMISSIONER OF SOCIAL** | | |
| **SECURITY ADMINISTRATION** | § | |


## ORDER

On October 10, 2006, Lillie K. Brent ("Plaintiff") initiated this civil action pursuant to the Social Security Act (The Act), Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's applications for Social Security benefits. Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of pending motions. *See Mathews v. Weber*, 423 U.S. 261, 271-72 (1976); *Anthony v. Sullivan*, 954 F.2d 289 (5th Cir. 1992).

In her brief, Plaintiff objects to, among other things, the transcript filed by Defendant. According to Plaintiff, the transcript of the first hearing was deemed inaudible. Plaintiff asserts that after the case was then remanded by this Court and a second hearing was conducted, Defendant still failed to file a transcript after the unfavorable decision was rendered. Plaintiff states she had to file a Motion to Re-open, asking for the transcript to be filed. After many months of trying to get a transcript filed, Plaintiff's counsel learned that Defendant's attorney had been retired for some time and no one had been named as a replacement. According to Plaintiff, the replacement attorney has filed the transcript, but it is incomplete.

Specifically, Plaintiff states Defendant supplemented the transcript with the hearing proceedings after remand as if a full transcript had already been filed. Pages 1 through 213 and pages 304 through as least 440 are missing according to Plaintiff. Consequently, Plaintiff attached to her brief a medical exhibit prepared by Dr. Muthappa that would allegedly appear at missing pages 179-181 if the full transcript was filed. Plaintiff asks that either Defendant be sanctioned by a ruling in Plaintiff's favor or that Defendant be ordered to file a complete transcript in this case.

Defendant asserts it has provided a new transcript in good faith. According to Defendant, even if Plaintiff had made a case that the ALJ's decision was not supported by substantial evidence, which she did not, remand for further administrative proceedings would be the only appropriate remedy.

Although Plaintiff asserts pages 1 through 213 and pages 304 through as least 440 are missing from the transcript before the Court, Plaintiff has failed to describe the contents of the allegedly missing pages nor has she asserted how the missing pages are critical to her arguments for remand. Rather, Plaintiff has attached as an exhibit to her brief a three-page Medical Assessment of Ability to Do Work-Related Activities (Physical), prepared by Dr. Muthappa on March 4, 2002. Before issuing a report and recommendation in this case, the Court requires additional information on the documents missing from the transcript.

To that end, Plaintiff shall file a brief, within ten days from the date of entry of this Order, detailing what documents she contends are missing in the transcript and describing their importance to Plaintiff's arguments before the Court. If Plaintiff does not believe the missing pages would bear on the Court's Report and Recommendation, Plaintiff should so advise the Court. Defendant shall file a response to Plaintiff's brief within ten days thereafter indicating whether it would oppose

remand for purposes of completing the transcript. Accordingly, it is

ORDERED that Plaintiff shall file a brief, within ten days from the date of entry of this Order, detailing what documents she contends are missing in the transcript and describing their importance to Plaintiff's arguments before the Court. Within ten days thereafter, Defendant shall file a response to Plaintiff's brief.

**SIGNED this 10th day of August, 2009.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE