# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **LILLIE K. BRENT** | § | |
| VS. | § | CIVIL ACTION NO. 5:06cv228 |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Specifically, Plaintiff asserts the Report and Recommendation ignores that Dr. Muthappa, Plaintiff's treating physician, found that Plaintiff has a chronic back problem causing her significant limitations. Plaintiff further asserts Plaintiff's excellent work record should have been considered in this matter. Finally, Plaintiff objects to the Report and Recommendation, asserting it fails to recognize the cross examination of the vocational expert wherein the vocational expert testified there would be no jobs available when questioned on limitations as found by Dr. Muthappa.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds Plaintiff's objections are without merit. The Report and Recommendation recognizes

Plaintiff's previous work experience as well as Dr. Muthappa's opinions. In addition, the Magistrate Judge outlined the complete testimony of the vocational expert, including the testimony on cross examination.

The ALJ relied on vocational expert testimony at step four of the sequential evaluation, even though he was not required to do so. In so doing, the ALJ asked a hypothetical question to the vocational expert, namely whether an individual with a specific residual functional capacity could perform Plaintiff's past relevant work as a sewing machine operator. The ALJ then permitted Plaintiff's counsel the opportunity to cross-examine the witness. Plaintiff's counsel was able to elicit favorable testimony from the vocational expert by asking the vocational expert to assume impairments that the ALJ properly deemed unsubstantiated. However, that opinion based on assumptions not accepted by the ALJ was not binding on him. *Gay v. Sullivan*, 986 F.2d 1314, 1316 (5th Cir. 1993). Therefore, the ALJ properly relied on the vocational expert's testimony to find Plaintiff could perform her past relevant work.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**SIGNED this 28th day of August, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE